IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

UNITED STATES OF AMERICA

V.                                                                       CAUSE NO.:3:13cr61HTW-FKB

MARIETTA HARRIS                                                                   DEFENDANT

### UNOPPOSED MOTION REQUEST FOR SPECIFIC BRADY and GIGLIO INFORMATION and OTHER RELATED MATTERS

COMES NOW, the defendant MARIETTA HARRIS, through her undersigned attorney, and files this unopposed motion requesting specific materials known, or by exercise of due diligence should have been known to the government, and requests that the Court for *in camera* inspection and review. In support of this motion the defendant would show the following:

### Background

1.      On June 25, 2013, the government indicted Marietta Harris – the indictment had twenty-one counts and defendant Harris had seventeen counts against her.

2.      Save Defendant Harris, all co-defendants pled guilty and were sentenced. As part of their guilty plea and sentencing, each co-defendant completed a Pre-sentence Interview that was later reduced to writing, a Pre-sentence Report ("PSR").

3.      On June 19, 2017, this Court set aside Defendant Harris' plea and sentence because Ms. Harris' ". . . original trial counsel, Ivon Johnson, labored under an unwaivable conflict of interest." Order [document #136].

4.      Throughout this criminal matter, a number of hearings were held, including but not limited to, pleas, sentencing and status hearings.

**Requests**

5. Pursuant to the Due Process Clause in the Fourteenth Amendment and specifically in the Fifth Amendment as to criminal cases, a Defendant shall not be ". . . deprived of life, liberty, or property, without due process of law[.]"

6. Pursuant to Rule 16 of the Federal Rules of Criminal Procedures, upon a Defendant's request, the government has an obligation to make disclosures to a Defendant.

7. Likewise, the United States Supreme Court determined "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either guilty or punishment, irrespective of good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

8. Similarly, United States Supreme Court determined that impeachment evidence, including statements by witnesses and co-defendants, must be disclosed to the defendant. *Giglio v. United States*, 405 US 150, 153-154 (1972).

9. Also, the Fifth Circuit recognized a defendant's right to have access to *Brady* and *Giglio* exculpatory and impeachment evidence, including PSRs. *United States v. Carreon*, 11F.3d 1228, 1238 (5th Cir. 1994). Indeed, the *Carreon* court set forth the procedure for a district court to follow: "conduct an in camera inspection and make inspection and make appropriate findings as to the whether the PSRs of the government witnesses contained any material *Brady* or *Giglio* information." *Id.*

10. In the present case, Ms. Harris specifically requests that the government disclose to her and her counsel the following:

   a. Nikki Thomas' PSR in 3:13cr8;

   b. S'ade Tyler's PSR in 3:13cr8;

      c. LaDonna Cooper's PSR in 3:13cr8;

      d. Tony Jones' PSR in 3:13cr8

      e. Shekeila Jones' PSR in 3:13cr8

      f. Diandra Thomas' PSR in 3:13cr61

      g. Pamila Johnson's PSR in 3:13cr61

      h. Ciara Gooden's PSR in 3:13cr7

      i. Marietta Harris' PSR in 3:13cr61[1]

      j. Hearing on March 10, 2017 – sealed transcript

11. Ms. Harris' requests are relevant to assist her and undersigned counsel in evaluating the government's case against Ms. Harris. These requests will provide significant information to make reasonable a decision whether to plead guilty or stand trial.

12. Government does not oppose Ms. Harris' requests.

WHEREFORE PREMISES CONSIDERED, the defendant respectfully requests the Court order the requested relief and any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 3rd day of January, 2018.

                              DEFENDANT
                              Marietta Harris

                              s/ T. Murry Whalen
                              T. Murry Whalen, MSB No. 100618

THE WHALEN FIRM
P.O. Box 23222
Jackson, MS 39225
601.209.9195 phone
866.702.2304 fax
thewhalenfirmpllc@yahoo.com

---

[1] Present counsel attempted to obtain Defendant's PSR from prior counsel by phone November 20 & 21, 2017; by text November 21, 2017 and in person November 24, 2017 – but prior counsel to date has not responded.

## CERTIFICATE OF SERVICE

I, T. Murry Whalen, do hereby certify that I have this day hand delivered, electronically served or mailed, via United States regular mail, a true and correct copy of the foregoing document the following person(s):

Honorable Henry T. Wingate
United States District Court Judge
Southern District of Mississippi
501 East Court Street
Jackson, MS 39201

Patrick A Lemon, AUSA
U.S. Attorney's Office
501East Court Street Suite 4.430
Jackson, MS 39201

Mignonne Griffing, AUSA
Western District of Louisiana
300 Fannin St., Suite 3201
Shreveport, LA 71101

This the 3rd day of January, 2018.

s/ T. Murry Whalen
T. Murry Whalen